## No. 253.

### JAMES N. PLATT VS. R. E. WYCHE, SHERIFF, ET ALS.

A tutor of a minor qualified in 1877, and filed his account in 1889, showing an indebtedness to the minor; the account was homologated and judgment rendered thereon. Execution issued on the judgment, which was enjoined by the tutor, who claimed a homestead exemption under Act 33 of 1865. Held that the law governing the case was the homestead law provided for in the Constitution of 1879.

APPEAL from the Second District Court, Parish of Bossier. *Boone, J.*

---

*J. A. Sneider* for Plaintiff and Appellee:

ON MOTION TO DISMISS.

A surety on an injunction bond is, on the trial, a party plaintiff to the suit. C. P. 304.

The surety on an injunction bond is a necessary party to an appeal, and when the appeal is taken by petition he must be cited. Avegno vs. Johnson, 22 Ann. 400.

When the appeal is taken by petition and there is no prayer for citation on the surety on injunction bond, the fault is attributable solely to appellant. Rev. Stat., Sec. 36; Gerodias vs. Handy, 31 Ann. 334.

ON THE MERITS.

In an injunction suit there are two demands—the principal demand and the conservatory process of injunction, and the latter may be dismissed without carrying with it the former. Knox vs. Coroner et al., 13 Ann. 88.

If the injunction bond should be sufficiently identified with the petition and order of the judge in the case, an error in name of the payee will not be fatal. C. C. 1762.

An injunction bond payable to the clerk of the court and his assigns, is sufficient to make the surety thereon liable to real parties in interest. V. S. and Texas R. R. vs. Barkesdales, 15 Ann. 465.

In an injunction suit a supplemental petition may be allowed for the promotion of justice. Maillot vs. Martin, 15 Ann. 40.

Injunctions will not be dissolved if there be good cause for one on the face of the record. Ward vs. Douglass, 22 Ann. 464, Bank vs. Crooks & Maristany, 21 Ann. 324 ;

Platt vs. Sheriff et als.

Lewis & Gist vs. Daniels, sheriff, 23 Ann. 171; Dupre vs. Swafford, 25 Ann. 222; Chamblis vs. Atchinson, 2 Ann. 491.

An injunction will not be dismissed if the record shows that plaintiff would be entitled immediately to same remedy. Lafleur vs. Mouton, 8 Ann. 489; Woodward vs. Dashiel, 15 La. 181; Woolfork vs. Woolfork. 22 Ann. 207; Chamblis vs. Atchinson, 2 Ann. 491; Exnecios vs. Weiss, 3 N. S. 610.

Additional security may be permitted to be given in an injunction suit. Woolfork vs. Woolfork, 22 Ann. 207.

The legal obligation of a tutor is evinced by his bond as such.

Rights to homestead or exemptions existing prior to Constitution of 1879 are not impaired, repealed or affected by any provision of that instrument. Const., Art. 220; Gilmer vs. O'Neal, 32 Ann. 982; Pool vs. Cook et als., 34 Ann. 332; Thomas vs. Guilbeau, 35 Ann. 929; Garnier vs. Sheriff et al., 39 Ann. 886.

The exception as to fiduciaries is not numbered among those in Act 33 of 1865, extra session.

If the right asserted be legal and the sole defect in the injunction bond is manifestly an oversight or mistake, there can be no malice or want of probable cause in obtaining the writ, and defendant's claim for damages will be rejected. Slaughterhouse Co. vs. Howell, 37 Ann. 284; Marcott vs. Messick; Manning's U. C., 38–42; Carroll vs. Reidheimer, 35 Ann. 375; Davis vs. Millaudon, 14 Ann. 899; Forbes vs. Geddes, 6 Ann. 402; Morancy vs. Clarke et al., 6 Ann. 178.

Plaintiff in a suit enjoining the sale of his homestead may recover such damages as he has suffered. White vs. Givens, 29 Ann. 571.

---

*J. A. Lowry*, *John R. Phipps* and *John Young* for Defendant and Appellant:

1. The law regards the interest of minors with parental solicitude; and its provisions for their protection will be strictly enforced. Bernard vs. Vigneaud, 1 N. S. 62; 31 Ann. 31, Succession of Elliott.

2. A party cannot make his own turpitude the basis of a claim in a court of justice. "*Ex turpi causa, non oritur actio.*"
A party should not be heard with favor in any court of justice, who invokes the aid of the law to relieve himself from the consequences of his voluntary and criminal violation of its provisions. 2 Hen., 1007 A., N. 1.

3. Homestead exemption laws being in derogation of common right must be strictly construed and the party asserting a homestead must bring himself clearly within the purview of the law granting it. Tilton vs. Vigers. 33 Ann. 240; 28 Ann. 667; 21 Ann. 686; Gallager vs. Payne, 34 Ann. 1057; Bossier vs. Sheriff, 37 Ann. 203; Kerr vs. Sheriff et al., 38 Ann. 713.

4. A dative tutor, charged by order of the court with the administration of the minor's property, is to all intents and purposes, the agent of his ward, and as such is governed by the laws which regulate the relation of agent and principal. Story on Agency, Section 3, and also Sections 9 and 10, Wharton's Commentaries on Agency, Section 10.

5. The relation of principal and agent does not create the relation of creditor and debtor. So long as the agency continues, the property or funds in the hands of the agent belongs to the principal, the agent being a mere trustee. 10 R. 401; 6 Ann. 40.

6. The relation of a tutor to his minor is one of confidence and trust, and like all other agencies is fiduciary in its nature. And the fiduciary character is the legitimate and necessary result of the relation of principal and agent existing between the minor and tutor, and can derive its origin and existence from no other source.

7. The debt on which the execution enjoined, issued, did not accrue until October 31, 1888, after the account of J. N. Platt, tutor to Mary R. Platt, had been filed and the amount still in the hands of her tutor had been fixed by the judgment homologating the account, and plaintiff's refusal or neglect to "deliver over to his ward the funds in his hands belonging to her." 37 Ann. 410; 6 Ann. 40; 10 R., 481.

8. The homestead exemption provided in the Constitution of 1879, Articles 219 and 220, does not apply to a judgment rendered against a party for money misappropriated by an agent, Bridwell vs. Holliday, 37 Ann. 410.

9. No homestead exemptions for a debt accruing since the promulgation of Act No. 14 of 1880, entitled an Act to carry into effect Articles 219 and 220 of the Constitution of 1879, can be maintained, unless the homestead claim relied on has been previously set apart and registered in conformity to the provisions of Act 14 of 1880. Kinder vs. Sheriff et al., 38 Ann. 713.

10. A party entitled to a homestead exemption, under the homestead exemption legislation of 1865, who voluntarily accepts an appointment from judicial authority and for the faithful discharge of which he executes a judicial bond in compliance with law, and to which the law, as he well knows, attaches a legal mortgage on all his immovable property as a security against any future and contingent liability which may result from a misappropriation of effects committed to his care, thereby voluntarily waives and renounces his homestead exemption as to any amount which a final settlement shows are still in his hands and which he refuses to deliver over.

11. A party who abuses the equitable remedy by injunction to arrest the execution of a monied judgment should be mulcted in damages. Lambeth vs. Stuart, 38 Ann. 691; C. P. 304; Bridwell vs. Halliday, 37 Ann. 410.

---

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

McENERY, J. Plaintiff has filed a motion to dismiss the appeal on the ground that the sureties on the injunction bond have not been made parties to the appeal.

The case was taken up, evidenced, adduced and arguments made.

The sureties were properly before the court.

The following agreement was entered into by counsel, as appears by the minutes of the court:

"Judgment to be rendered in Chambers by consent and appealed therefrom, as in open court."

In pursuance of this agreement defendants applied for and obtained an order of appeal. On the order thus granted the following acknowledgment and waiver of citation of appeal was made: "Service of citation in above acknowledged and all copies waived" — and signed by the attorney for plaintiff and appellees.

The formal agreement entered upon the minutes of the court and the legal waiver of citation by the attorney for plaintiff rendered the service of citation upon the sureties unnecessary.

The motion to dismiss the appeal is, therefore, overruled.

## ON THE MERITS.

James N. Platt, in 1877, qualified as tutor of his sister, Mary R. Platt.

She married Rufus F. Taylor, and, on August 14, 1838, filed a rule on her tutor, James N. Platt, to compel him to file an account of his tutorship.

He acknowledged, in the account which he filed under the order of court, an indebtedness to her of $3,781 10.

On October 31, 1883, in open court, Mary R. Platt, wife of R. F. Taylor, filed a written consent to the homologation of the account, and judgment was rendered accordingly.

Under this judgment an execution issued, and all the property of the tutor, Platt, was seized and sold, except sixty-seven acres of land, the sale of which he enjoined and claimed as a homestead under the provisions of the homestead Act of 1865.

It is conceded that the land seized is rural and is occupied and cultivated as a farm by the plaintiff who has a wife and minor children depending upon him for support, and who are without any means of their own.

It will be unnecessary to notice the several exceptions as to the two suits, which were filed and the consolidation of which were refused, and the filing of the suit last filed as a supplementary answer, which was allowed, and the alleged irregularities in the injunction bonds, as these matters appear to be waived by the defendants.

Defendants moved to dissolve the injunction on the ground of the alleged defects in the injunction bond, and because the petition disclosed no cause of action, and prayed for judgment for 10 per cent interest on the amount of the judgment enjoined, and for $150 special damages as attorney's fees and 20 per cent general damages, and for judgment in solido against the surety on the injunction bond for $150.

The question to be determined in this case is whether the Act 33 of 1865, or the homestead exemption provided in the Constitution of 1879, by Art. 220, governs the exemption claimed.

The plaintiff's contention is that whatever debt the tutor owes his ward originated in 1877, when he qualified as tutor, and furnished the required bond in 1877, and again on the death of the surety, in 1879; that the sum due by plaintiff was contracted prior to the Constitutional provision of 1879, but the amount was determined in the filing of his account, in 1888; that the legal obligation is in the bonds executed by him.

There can be no contract between a tutor and his ward. The relation of tutor and ward is one of confidence and trust, independent of the

minor, and the obligation is created by law. The tutor, in a certain sense, is a public officer, an official of the court, and his obligation is to faithfully perform his duties as specified by law, until there is a judicial termination of his trust. The oath which he takes acts upon his conscience, his moral sense and the bond is given to indemnify against any abuse of his trust. Both obligations were through the entire period of his trust, and at no time is there created between him and the minor the ordinary relations of debtor and creditor. His fiduciary character is the result of the law, and he is the custodian of the fund and property of the minor until ordered to deliver them to the minor when emancipated or when he has attained his majority.

There is no debt due the minor until the expiration of the tutorship, as it is only at this time that the tutor can be compelled to pay over the amounts due the minor which he has in his possession.

In the instant case the amount due the defendant was only ascertained and fixed in 1888, when the plaintiff filed his account showing what amount was due the minor. The obligation to pay the amount only, then existed, as the tutor had never filed any previous account.

The indebtedness to the minor, while it may have existed prior to 1879, did not spring from any contract with the minor, but from an obligation which was imposed by law which required the tutor to faithfully administer his property.

There was no contract, either express or implied made by the tutor with the minor to pay this indebtedness to him. It was an obligation, the result of the law which required the tutor to pay over the amount in his hands to the minor at the expiration of the tutorship. His obligation did not spring into existence until October 31, 1888, when a judgment was rendered against him.

It is admitted that the homestead claimed had not been previously set apart and registered in conformity to Act 14 of 1880, enacted to carry into effect Articles 219, 220 of the Constitution of 1879, and as the debt was incurred in a fiduciary capacity, we are of the opinion that the homestead exemption created by the Constitution of 1879 does not apply to this case.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and set aside, and that there be judgment in favor of the defendant, Mary R. Platt, wife of Rufus F. Taylor, dissolving the injunction herein issued, rejecting Plaintiff Platt's claim of homestead and dismissing his action at his cost in both courts.

And it is further ordered, adjudged and decreed that said James N. Platt and the surety on the injunction bond herein be condemned

jointly and *in solido* to pay interests of 10 per cent per annum on the amount of the judgment enjoined and in the further sum of $50, as special damages for attorney's fees.

### ON APPLICATION FOR REHEARING.

POCHÉ, J. In this application, and for the first time, plaintiff and his surety on the injunction bond make the point, that damages are not contemplated in the Code of Practice as applicable to in injunction which restricts the execution of the judgment only in so far as certain specified property claimed as a homestead, is concerned, and by which the integrity or legal effect of the judgment is not involved.

They also make the point that the writ of injunction was not abused.

Under the peculiar circumstances of this case, in which a novel question touching the application of the homestead law of 1865, as affected by subsequent constitutional provisions, was presented for solution, we are impressed with the force of the complaint. In allowing the statutory damages prayed for by plaintiff in execution we had followed a judicial precedent, but on inspection we find that in the case referred to the question now submitted had not been raised. Bridewell vs. Halliday, 37 Ann. —

We shall, therefore, amend our previous decree in this particular, and relegate plaintiff in execution to a separate action on the injunction bond.

It is, therefore, ordered that our previous decree herein rendered be amended so as to strike therefrom the statutory damages therein allowed, reserving the right of plaintiff in execution to institute a separate action on the injunction, and it is further ordered that our decree as thus amended remain undisturbed.

Rehearing refused.